# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1906 | **DATE** | 8/19/2002 |
| **CASE TITLE** | The Higher Gear Group, Inc. vs. Rockenbach Chevrolet Sales, Inc., | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion to dismiss [9-1] is granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 2 0 2002 | |
| | Notified counsel by telephone. | | date docketed | 25 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| RO | courtroom deputy's initials | 02 AUG 19 PM 1:03 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THE HIGHER GEAR GROUP, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 02 C 1906 |
| v. ) | |
| ) | Judge Ruben Castillo |
| ROCKENBACH CHEVROLET SALES, ) | |
| INC., GAIL VITOLS, individually, and ) | |
| AUTO EDIRECT.COM, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff The Higher Gear Group, Inc. ("Higher Gear") sues Defendants Rockenbach Chevrolet Sales, Inc. ("Rockenbach"), Gail Vitols and Auto eDirect.Com, Inc. ("Auto eDirect") for copyright infringement under the Federal Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, trade secret misappropriation under the Illinois Trade Secrets Act, 765 ILCS 1065/2, breach of contract, unfair competition, civil conspiracy and tortious interference with contract relations.[1] Currently before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons that follow, Defendants' motion to dismiss is granted in part and denied in part. (R. 9-1.)

---

[1] In its response to the instant motion, Higher Gear attempts to add causes of action under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2(a)(8), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2. The Court will not consider these claims as they were not properly presented to the Court in a separate motion for leave to amend pursuant to Federal Rule of Civil Procedure 15(a).

**RELEVANT FACTS**

Higher Gear and Auto eDirect develop and sell automobile dealership computer software. Higher Gear developed the computer software at issue in this case and licensed it to Rockenbach. On September 29, 1999, Higher Gear and Rockenbach entered into a software license agreement whereby Rockenbach agreed to use Higher Gear's software "only for internal business operations." (R. 1-1, Compl. ¶ 7.) Rockenbach also agreed not to permit software use for the benefit of third parties, not to re-license or sell the software and not to copy or create derivative works of the software. *Id.* Higher Gear claims that despite contractual obligations Vitols allowed Auto eDirect to view, access and copy Higher Gear's software. Furthermore, Higher Gear alleges that Auto eDirect developed designs, features, logic and computer code derived from Higher Gear's software.

On March 15, 2002, Higher Gear filed suit against Rockenbach, Vitols and Auto eDirect. Higher Gear claims that all three Defendants violated the Federal Copyright Act (count I) and the Illinois Trade Secrets Act ("ITSA") (count II). In addition, Higher Gear sues Rockenbach for breach of contract (count III), Vitols and Auto eDirect for unfair competition and civil conspiracy (counts IV and V) and Auto eDirect for tortious interference with contract relations (count VI). Currently before this court is Defendants' motion to dismiss counts II through VI for failure to state a claim upon which relief can be granted. Defendants argue that Higher Gear's state claims are preempted by the Federal Copyright Act, 17 U.S.C. § 301(a), and/or the Illinois Trade Secrets Act, 765 ILCS 1065/8.

## LEGAL STANDARDS

A motion to dismiss tests the sufficiency of the complaint, not the merits of the suit. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering a motion to dismiss, the Court views all facts alleged in the complaint, as well as any inferences reasonably drawn from those facts, in the light most favorable to Plaintiff. *Autry v. Northwest Premium Servs.*, 144 F.3d 1037, 1039 (7th Cir. 1998). The Court will also consider facts asserted in Plaintiff's response to the motion to dismiss as long as they are consistent with the allegations found in the complaint. *See Help at Home, Inc. v. Med. Capital, L.L.C.*, 260 F.3d 748, 752-53 (7th Cir. 2001) (citation and quotation omitted). We will grant a motion to dismiss only if Plaintiff can prove no set of facts entitling her to relief. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 432 (7th Cir. 1993).

## ANALYSIS

### I. Preemption under 17 U.S.C. § 301(a)

Defendants argue that all of Higher Gear's state claims (counts II through IV) should be dismissed because the conditions for preemption under 17 U.S.C. § 301(a) have been satisfied. Plaintiff, on the other hand, contends that its state claims should not be preempted because they require additional elements that qualitatively differ from the elements necessary to prove copyright infringement.

The Federal Copyright Act preempts state causes of actions that are equivalent to copyright infringement claims. 17 U.S.C. § 301(a). The Seventh Circuit, interpreting § 301(a), developed a two-prong test to preempt claims. *Balt. Orioles, Inc. v. Major League Baseball Players Ass'n*, 805 F.2d 663, 674 (7th Cir. 1986). First, a court must determine that the work in

3

which the right is asserted is fixed in tangible form and comes within the subject matter of copyright. *Id.* Second, the rights granted under state law must be equivalent to the exclusive rights established by federal copyright law in § 106. *Id.* A state right is 'equivalent' to the rights established by federal copyright law if it is violated by the exercise of any of the rights set forth in § 106, which includes the right to reproduce (whether in original or derivative form), distribute, perform and display the copyrighted material. *Id.* at 676-77. Furthermore, a state right is 'equivalent' if it requires additional elements to make out a cause of action, but the additional elements do not differ in kind from those necessary for copyright infringement. *Id.* at 678.

It is well established that computer software is fixed in a tangible medium of expression and within the subject matter of copyright. *See ProCD, Inc. v. Zeidenberg*, 86 F.3d 1447, 1453 (7th Cir. 1996). The legislative history of the Federal Copyright Act indicates that computer programs are considered copyrightable as literary works. *See Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115, 1124-25 (N.D. Cal. 2001). Therefore, the first condition for preemption has been satisfied. As such, the Court will proceed with a discussion of whether counts II through VI assert claims that are 'equivalent' to the exclusive rights established by federal copyright law. Because counts II through VI contain elements that differ from those necessary to prove a copyright infringement claim, the Court will determine if the additional elements differ in kind from those necessary for copyright infringement – *i.e.* ownership of a valid copyright and copying of constituent elements of the work that are original. *See Susan Wakeen Doll Co., Inc., v. Ashton Drake Galleries*, 272 F.3d 441, 450 (7th Cir. 2001). The Court will not preempt the state causes of action if the additional elements change the nature of the copyright infringement

4

claim. *See Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 716 (2d Cir. 1992). To determine if an element changes the nature of a copyright action, it may be necessary to consider the allegations supporting a claim as well as the rights sought to be enforced. *See Stephen & Hayes Constr., Inc. v. Meadowbrook Homes, Inc.*, 988 F. Supp. 1194, 1198 (N.D. Ill. 1998); *see also Mayer v. Josiah Wedgewood & Sons, Ltd.*, 601 F. Supp. 1523, 1533-34 (S.D.N.Y. 1985).

## II. Trade Secret Misappropriation (Count II)

To state a claim for misappropriation under the ITSA, a plaintiff must show that: (1) she has a trade secret; (2) defendant misappropriated the trade secret; and (3) defendant used the trade secret for business purposes. *See Composite Marine Propellers, Inc. v. Van Der Woude*, 962 F.2d 1263, 1265-66 (7th Cir. 1992). Misappropriation of a trade secret occurs when a person acquires a trade secret by improper means or discloses a trade secret in breach of a duty of confidentiality. *See American Antenna Corp. v. Amperex Electronic Corp.*, 546 N.E.2d 41, 44 (Ill. App. Ct. 1989). Improper means includes acquisition by a person who knows or has reason to know that a trade secret was obtained in breach of a confidential relationship. *See* 765 ILCS 1065/2(a)-(b).

The Court will not preempt Higher Gear's claim brought pursuant to the ITSA because breach of a confidential relationship is an additional element that changes the nature of the action so that it qualitatively differs from the rights protected by federal copyright law. *See Computer Assocs.*, 982 F.2d at 719. Although the Seventh Circuit has not directly addressed whether a cause of action under the ITSA is preempted under 17 U.S.C. § 301(a), several circuits have held that a trade secret claim based on breach of a confidential duty is not preempted by § 301(a). *Id. See also S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1090 (9th Cir. 1989) (holding that trade

secret claim under the California Uniform Trade Secret Act – which is substantially similar to the ITSA – is not preempted by § 301(a)); *Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 9 F.3d 823, 847-48 (10th Cir. 1993) (same under the Colorado Uniform Trade Secrets Act). In our case, the gravamen of Higher Gear's trade secret claim is Defendants' breach of confidentiality. Rockenbach and Vitols allegedly allowed Auto eDirect to view and/or copy Higher Gear's software in violation of a duty of confidentiality imposed by the licensing agreement. (R. 20-1, Pl.'s Resp. at 6.) Auto eDirect allegedly copied Higher Gear's software willfully and with knowledge of Rockenbach's duty of confidentiality. *(See* R. 1-1, Compl. ¶ 18; R. 20-1, Pl.'s Resp. at 6, 10.) Therefore, the weight of authority persuades the Court that preemption of count II is not appropriate because a trade secret claim based on breach of confidentiality qualitatively changes the nature of a copyright infringement action.

### III. Breach of Contract (Count III)

The elements of a breach of contract claim are: (1) existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) resultant injury to the plaintiff. *Henderson-Smith & Assocs. v. Nahamani Family Serv. Ctr., Inc.*, 752 N.E.2d 33, 43 (Ill. App. Ct. 2001). Generally speaking, contract claims affect the rights of parties to the contract and not any of the exclusive rights within the general scope of copyright. *ProCD*, 86 F.3d at 1455. A breach of contract claim should be preempted, however, if the allegations of breach are based on nothing more than the act of infringement. *Nat'l Car Rental Sys., Inc. v. Computer Assocs., Inc.*, 991 F.2d 426, 432-33 (8th Cir. 1993).

The Court will not preempt Higher Gear's breach of contract claim to the extent that the claim is based on Vitols and/or Rockenbach using the software for non-business purposes or for

the benefit of third parties in violation of the licensing agreement because these contractual restrictions on use are distinct from the exclusive copyright rights. The Court, however, will preempt Higher Gear's breach of contract claim to the extent that they intend to show that the licensing agreement prohibited unauthorized copying and creation of derivative products. The instant case is similar to *National Car Rental System*, where the Eighth Circuit overturned a district court's decision to preempt a breach of contract claim. *Nat'l Car Rental Sys.*, 991 F.2d at 427. The Eight Circuit determined that the plaintiff's claim that the defendant processed data for third parties in violation of a licensing agreement was qualitatively different from any of the exclusive rights reserved under copyright law. *Id.* at 433. Furthermore, the Seventh Circuit has indicated its agreement with the reasoning in *National Car Rental System*. *See ProCD, Inc.*, 86 F.3d at 1454-55. Similarly, in the instant case, the Court will not preempt Higher Gear's breach of contract claim because Higher Gear alleges that Rockenbach engaged in conduct that is qualitatively different than reproduction, performance, distribution or display (*i.e.* allowing Auto eDirect to view and access Higher Gear's software).

**IV. Unfair Competition (Count IV)**

Unfair competition, which is closely related to the tort of misappropriation, is recognized in Illinois but has been most fully delineated in New York. *See Bd. of Trade of City of Chi. v. Dow Jones & Co., Inc.*, 439 N.E.2d 526, 532 (Ill. App. Ct. 1992). A claim of unfair competition exists when a defendant misappropriates the labor and expenditures of a plaintiff and reaps the profits of the plaintiff's work. *Wilson v. Electro Marine Sys., Inc.*, 915 F.2d 1110, 1118-19 (7th Cir. 1990) (discussing better developed caselaw of New York). Generally, unfair competition claims based on "passing off," or selling your product under the name or mark of another, are not

7

preempted by the Federal Copyright Act. *See FASA Corp. v. Playmates Toys, Inc.*, 869 F. Supp. 1334, 1362 (N.D. Ill. 1994) (citations omitted). In contrast, claims based on "reverse passing off," where a defendant sells a plaintiff's product as his own, are generally preempted. *See id.* (citing *Waldman Publ'g Corp. v. Landoll, Inc.*, 848 F. Supp. 498, 500-05 (S.D.N.Y. 1994). *See also Goes Lithography Co. v. Banta Corp.*, 26 F. Supp. 2d, 1042, 1047 (N.D. Ill. 1998).

Accordingly, the Court will preempt Higher Gear's unfair competition claim because it only alleges reverse passing off. According to Plaintiff, the unfair competition claim is based on Auto eDirect allegedly developing "its own version of the same software" and marketing the software program "without the time and expense of creating it from scratch." (R. 20-1, Pl.'s Resp. at 8-9.) The crux of the claim is that Auto eDirect and/or Vitols made unauthorized copies of Higher Gear's software, which is the same conduct necessary to support a copyright infringement claim. The fact that Higher Gear alleges that Auto eDirect sold and/or misrepresented the origin of the infringing software does not change the nature of the claim. In a previous case, this Court held that allegations of selling unauthorized copies and misrepresenting the source of those copies did not qualitatively change the nature of a copyright infringement claim. *See FASA Corp.*, 869 F. Supp. at 1363. Today, the Court concurs with that reasoning and thus preempts Higher Gear's unfair competition claim.

## V. Tortious Interference with Contract Relations (Count VI)

The elements of a tortious interference with contract claim are: (1) the existence of a valid and enforceable contract; (2) knowledge of that relationship on the part of the interferer; (3) an intentional interference inducing breach of contract; (4) a breach of contract caused by the interferer's acts; and (5) damages to the plaintiff. *See Fieldcrest Builders v. Antonucci*, 724

N.E.2d 49, 61 (Ill. App. Ct. 1999). The Court preempts Higher Gear's tortious interference with contract claim because the additional elements of knowledge and intent do not render the asserted right different in kind than the rights protected in a copyright infringement claim. *See FASA Corp.*, 869 F. Supp. at 1360, n.43 (citing *Harper & Row, Publishers, Inc. v. Nation Enters.*, 723 F.2d 195, 201 (2d Cir. 1983)). The tortious interference with contract claim is based on Auto eDirect creating software that "closely functioned and resembled the Higher Gear licensed software." (R. 20-1, Pl.'s Resp. at 11.) The allegations supporting this claim are not qualitatively different than unauthorized copying, which is the same conduct necessary to support a copyright infringement claim. Therefore, Higher Gear's claim of tortious interference asserts rights that are equivalent to federal copyright law and must be preempted.

## VI. Civil Conspiracy (Count V)

A conspiracy is an agreement by two or more people to commit an unlawful act or a lawful act by unlawful means. *Adcock v. Brakegate, Ltd.*, 645 N.E.2d 888, 894 (Ill. 1994). A cause of action for civil conspiracy exists only if one of the parties to the agreement commits a tort in furtherance of the agreement. *Id.* Therefore, the tort is the "gist" of a civil conspiracy claim. *Id.* The Court will preempt Higher Gear's claim of civil conspiracy under § 301(a) because it is premised on the allegations supporting the preempted tortious interference claim. (*See* R. 20-1, Pl.'s Resp. at 10.) Furthermore, the civil conspiracy claim might also be preempted under the ITSA. *See* 765 ILCS 1065/8. *See also Thomas & Betts Corp. v. Panduit Corp.*, 108 F. Supp. 2d 968, 975 (N.D. Ill. 2000). If the Court viewed the civil conspiracy claim as based on

trade secret misappropriation, preemption under the ITSA would apply. *Id.* As such, the civil conspiracy claim is preempted by both the Federal Copyright Act and the ITSA.[2]

## CONCLUSION

For the foregoing reasons, we grant in part and deny in part Defendants' motion to dismiss. (R. 9-1.) We grant Defendants' motion with respect to counts IV, V and VI and deny Defendants' motion with respect to counts II and III.

A full litigation schedule for this lawsuit, including a firm trial date, will be set at the next status hearing on September 10, 2002 at 9:45 a.m.

ENTERED:

Judge Ruben Castillo
United States District Judge

**Dated: August 19, 2002**

---

[2] The Court recognizes that counts IV (unfair competition) and VI (tortious interference with contract relations) are subject to preemption under the ITSA. *See Thomas & Betts Corp.*, 108 F. Supp. at 973-74 (holding that unfair competition claim is preempted to the extent that claims are based on trade secret misappropriation). *See also Labor Ready, Inc. v. Williams Staffing, L.L.C.*, 149 F. Supp. 2d 398, 409-10 (N.D. Ill. 2001) (holding that tortious interference with contract claim is preempted to the extent that it is based on trade secret misappropriation). Because the Court finds these counts preempted by the Federal Copyright Act, it is unnecessary to consider preemption under the ITSA.